**JIAN SHENG GAO, Petitioner,**

**v.**

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 06–1633–ag.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yan Wang, New York, NY, for Petitioner.

Eric F. Melgren, United States Attorney, Brent I. Anderson, Assistant United States Attorney, District of Kansas, Wichita, KS, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Sheng Gao, a native and citizen of the People's Republic of China, seeks review of a March 14, 2006 order of the BIA affirming the November 22, 2004 decision of Immigration Judge ("IJ") Douglas P. Schoppert, denying his application for relief under the Convention Against Torture ("CAT"). *In re Jian Sheng Gao,* No. A73 596 671 (B.I.A. Mar. 14, 2006), *aff'g* No. A73 596 671 (Immig. Ct. N.Y. City Nov. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA fully adopts the IJ's decision, this Court reviews the IJ's decision. *See e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007). However, this Court will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d

Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ properly denied Gao's application for CAT relief. In order to prevail on his CAT claim, Gao needed to submit evidence showing a clear probability that someone in his particular alleged circumstances would be tortured. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). That is, Gao was required to show that an individual who, like himself, left China illegally and was later removed from the United States, would more likely than not be subjected to torture if he returned to China. *See id.*

Gao failed to produce such particularized evidence. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir. 2005). In support of his CAT claim, Gao submitted two letters. One of the letterwriters, Ying Gile, claimed that he was detained for eight months and tortured after being deported to China from the United States. However, the IJ correctly noted that Gao's particular alleged circumstances differed from those of Ying Gile, who had been convicted of illegally smuggling aliens into the United States. *Mu–Xing Wang,* 320 F.3d at 144.

Gao also submitted a letter from his cousin, Liqin Lin, claiming that Lin's husband had committed suicide while in detention because of the physical and emotional abuse he experienced. It was reasonable for the IJ to give little weight to Lin's letter based on its lack of specificity as well as Lin's lack of firsthand knowledge as to how her husband was treated in detention. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in

immigration proceedings lies largely within the discretion of the IJ).

Moreover, the IJ properly found that Gao's particular circumstances were not addressed by the background materials he submitted, which mentioned the torture and mistreatment who returned to China after leaving the country illegally. *See Mu–Xing Wang*, 320 F.3d at 144. Accordingly, the IJ properly found that the evidence Gao submitted was insufficient to establish that he would more likely than not be tortured if he returned to China. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).